7

John R. Beason

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>17th **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.** |
|---|---|---|

KENT COUNTY CLERK'S OFFICE

CIRCUIT COURT DIVISION

180 OTTAWA AVE NW STE 2400

Court address _____ Court telephone no.

Case No. 22- 02505 - AS

Plaintiff's name(s), address(es), and telephone no(s). GRAND RAPIDS, MI 49503

MR. STACEY R. SMITH - PRO SE (UNINTENDED).

M... 855 Kalamazoo 401 (1) - MCR 3.306, 3.305, 3.302.
BRE.... ...... .... ......RT

PLEA... Grand Rapids, MI

D... 49507 ... 21-2775

v

Plaintiff's attorney, bar no., address, and telephone no.

MOTION FOR RELIEF OF JUDGMENT: MCR 6.500 et
seq.; MANDAMUS UT DE FOEDERATUM; MOTION TO
SET ASIDE CONVICTION; MOTION TO SEAL CASE
NO.: 14-11012-FH IN WHOLE; MCR 7.211 (C) (9);
AWARD PLAINTIFF MAXIMUM: $25,000.

Defendant's name(s), address(es), and telephone no(s).

HON.: J.JOSEPH ROSSI P- 53941 - CASE CUSTODIAN.
HON.: MARK A. TRUSOCK P- 38156. - CHIEF 17TH.
HON.: BRIDGET MC CORMACK P- 58387 - CHF MSC.
HON.: JANET T. NEFF P- 18210 - USD WD.
LEAD PROSECUTOR CHRIS R. BECKER P- 53752.
KEVIN BRAMBLE (PROSECUTOR'S OFFICE) P - 38380.
JOSHUA KUIPER (PROSECUTOR'S OFFICE) P - 66576.
LINDA HOWELL (CORPORATE COUNSEL) P- 44006.
HON.: GEORGE S. BUTH (PRESIDOR) P- 11479.
JOHN R. BEASON (DEFENSE COUNSEL) P- 34095.
(BREACH OF CONTRACT) - UBSTRUCTION OF
JUSTICE; DUE PROCESS - 07-22-2015 - 17TH CIR. CRT

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ 7th Judicial Circuit Cart _____ Court, where

it was given case number 21-00224-AS / 14-11012-FH and assigned to Judge S. Joseph Rossi P-53941

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date MAR 2 1 2022 | Expiration date JUN 2 0 2022 | Court clerk LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

| SUMMONS | Case No. |
|---|---|

PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☑ I served personally a copy of the summons and complaint,
☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with COMPLAINT SUBPEONA / ORDER TO SHOW CAUSE / IN RE CONTEMPT BRIEF ON PROCEEDING.
List all documents served with the summons and complaint
FIRST CLASS US MAIL OR PERSONAL DELIVERY OR DIRECT EMAIL TRANSMISSION DUE TO COVII on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| 17TH JUDICIAL CIRCUIT COURT KENT COUNTY PROSECUTOR | 180 OTTWAWA AVE NE GRAND RAPIDS, MI 49503 82 IONIA AVE SUITE: 450 GRAND RAPIDS, MI 49503 | |
| CORPORATE COUNSEL FOR THE COUNTY OF KENT; DEFENSE COUNSEL | 300 MONROE AVE NW GRAND RAPIDS, MI 49503 AND 15 IONIA AVE SUITE: 530 GRAND RAPIDS, MI 49503 | |
| MICHIGAN SUPREME COURT AND US DISTRICT COURT - WESTERN DISTRICT | 925 W. OTTAWA ST LANSING, MI 48915 AND 399 FEDERAL BUILDING 110 MICHIGAN NW GRAND RAPIDSMI | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

| Approved, SCAO | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | COMPLAINT | CASE NO. |
|---|---|---|
| REGION- G5 **JUDICIAL DISTRICT** 17TH **JUDICIAL CIRCUIT COUNTY PROBATE** | Page    of    pages | 22-02505   -AS |

| Court address | Court telephone no. |
|---|---|
| 180 OTTAWA AVE NW GRAND RAPIDS, MICHIGAN 49503. SUITE NO.: 2400. | 616-632-5220 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| MR. STACEY R. SMITH - PRO SE (UNINTENDED). MCL 600.1701, 600.4401 (1), ; MCR 3.306, 3.305, 3.302. BREACH OF THE 17TH JUDICIAL CIRCUIT COURT PLEA AGREEMENT AND REQUEST FOR SUPERINTENDNG CONTROL. USCCOA: 21-2775. | v | HON.: J.JOSEPH ROSSI P- 53941 - CASE CUSTODIAN. HON.: MARK A. TRUSOCK P- 38156. - CHIEF 17TH. HON: BRIDGET MC CORMACK P- 58387 - CHF MSC. HON.: JANET T. NEFF P- 18210 - USD WD. LEAD PROSECUTOR CHRIS R. BECKER P- 53752. KEVIN BRAMBLE (PROSECUTOR'S OFFICE) P - 38380. JOSHUA KUIPER (PROSECUTOR'S OFFICE) P- 66576. LINDA HOWELL (CORPORATE COUNSEL) P- 44006. HON.: GEORGE S. BUTH (PRESIDOR) P- 11479. JOHN R. BEASON (DEFENSE COUNSEL) P- 34095. (BREACH OF CONTRACT) - UBSTRUCTION OF JUSTICE; DUE PROCESS - 07-22-2015 - 17TH CIR. CRT |
| Plaintiff's attorney, bar no., address, and telephone no. MOTION FOR RELIEF OF JUDGMENT: MCR 6.500 et seq.; MANDAMUS UT DE FOEDERATUM; MOTION TO SET ASIDE CONVICTION; MOTION TO SEAL CASE NO.: 14-11012-FH IN WHOLE; MCR 7.211 (C) (9); AWARD PLAINTIFF MAXIMUM: $25,000. | | |

AWARD PLAINTIFF MAXIMUM AMOUNT OF $25.000 U.S.D.: GRANT PLAINTIFF RELIEF FROM JUDGMENT DATED 07/22/2015; SET ASIDE CONVICTION AND SEAL IN WHOLE. MOTION TO TRANSFER TO CURE WANT OF SUPERINTENDING CONTROL PURSUANT TO MCR 3.302. ACCORDING TO HON.: PAUL MALONEY U.S. DISTRICT JUDGE P-25194; INDICATED THAT PLAINTIFF STATED A CLAIM TO WHERE HIS COURT HAD SUBJECT-MATTER JURISDICTION: (ORIGINAL JURISDICTION). (PRE-DOMINATION), IN THE FEDERAL COURTS REMAINS (IN THE NATURE OF MANDAMUS). U.S.D.C.: 1:21-CV-78. THE 6TH CIRCUIT COURT OF APPEALS INDICATED THAT I FAILED TO FILE AN ORIGINAL HABEAS CORPUS MOTION AND PROVIDED EVIDENCE OF THE FILING WITH THE USDC TIME STAMP ON IT. (UNTRUTHFUL). THE PLAINTIFF HAS BEEN UNDER A DILIBERATE BREACH OF THE SENTENCING AGREEMENT FOR (NON-PUBLIC) S.O.R.A. REGISTRATION PURPUSELY BY THE LEAD PROSECUTOR AND NO RESPONSE FROM BRANDY JOHNSON IN ADMINISTRATION OF THE KENT COUNTY PROSECUTOR'S OFFICE FOR THE CORRECTION AND THE HAVE NOT RESPONDED BACK TO THE PLAINTIFF. PLAINTIFF HAS PROVEN WRONGFUL CONVICTION IN CASE NO.: 21-00224-AS; PLANTIFF REQUEST SUPERINTENDING CONTROL TO SEAL CASE NO.: 14-11012-FH IN WHOLE PURSUANT TO MCR 7.211 (C) (9) FOR BREACH OF CONTRACT:

1. Discipline for unprofessional and improper conduct - If it appears to a Judge of this court that an attorney practicing before the court has violated the rules of professional conduct or is guilty of other conduct unbecoming an officer of the court, any judge may: 1) refer the matter to the Chief Judge of the district who shall determine whether the attorney should be disciplined or alternatively refer the matter to a three-judge panel or 2) for discipline, except suspension or disbarment, order an attorney to show cause— within a specified time—why the court should not discipline the attorney. Upon the expiration of the period specified or upon the attorney ' s response to the show cause order, the court will enter an appropriate order. Upon the entry of an order for discipline, the attorney may seek review from the Chief Judge of the order for discipline. Alternatively, the Chief Judge may refer the matter to a three-judge panel for decision.2. Discipline for contempt - Disbarment from the court may be utilized as a sanction NOT LESS TO MCR 6.201 (J) for contempt of court under the procedures contained in Rule 42 of the Federal Rules of Criminal Procedure. Nothing in this rule shall limit the courts power to punish contempt.For these reasons, the report and recommendation (ECF No. 13) is ADOPTED IN PART. The Court concludes that Smith has stated a claim over which this Court has subject-matter jurisdiction. Smith alleges violations of his rights protected by the constitution. Nevertheless, this Court must dismiss the lawsuit. Smith has failed to state a claim for which this Court can grant relief. This Court does not supervise state court proceedings and this Court has no authority to order state court judges to perform their duties. To the extent Smith's claims against Judge Buth arise from the manner in which the criminal action was conducted, Buth is entitled to judicial immunity. Smith v. Buth, No. 1:16-cv-1381, 3-4 (W.D. Mich. Jan. 25, 2017) 28 USC 1631 in the Michigan Supreme Court was a Motion to Transfer to Cure want of Subject-Matter Jurisdiction; or, as it would translate to the State Court: A want of Superintending Control. The court and

| Date | Signature |
|---|---|
| 03-07-22 | |

STATE OF MICHIGAN

FOR THE 17TH JUDICIAL CIRCUIT COURT

IN: THE COUNTY OF KENT.

_____

CIVIL CASE NO.:   22-02505-AS.                    HON.: MARK A. TRUSOCK P-38156.

**MOTION TO CHANGE VENUE**
**TO IN RE CONTEMPT MR. STACEY R. SMITH et. seq.**
**AND MOTION FOR AN ORDER TO SHOW CAUSE.**

IN RE CONTEMPT: MR. STACEY R. SMITH (PRO SE AD HONORUM)  USCCOA: 21-2775
MCR 6.50 et seq.

# VS.   }  BREACH OF THE 17TH CIRCUIT PLEA AGREEMENT – (NON-PUBLIC REGISTRATION).

SUPPLEMENTAL BRIEF PURSUANT TO 28 USC 1367, 1361, 1631.
JURISDICTIONAL SANCTION: MCR 6.201 (J) & MCR 2.209.

HON.: J. JOSEPH ROSSI P-53941 (CASE CUSTODIAN).

HON.: MARK A. TRUSOCK P-38156 (CHIEF JUDGE OF THE 17TH CIRCUIT).

HON.: BRIDGET MC CORMACK P-58387 (CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT.

HON.: JANET T. NEFF P-18210 (U.S. DISTRICT JUDGE ) – WESTERN DISTRICT.

LEAD PROSECUTOR CHRIS R. BECKER P-53752.

KEVIN BRAMBLE P-38380 (PROSECUTOR'S OFFICE).

JOSHUA KUIPER P-66576 (PROSECUTOR'S OFFICE) (PRIMARY).

LINDA HOWELL P-44006 (CORPORATE COUNSEL FOR THE COUNTY OF KENT.

HON.: GEORGE S. BUTH P-11479 (PRESIDER) (RETIRED).

JOHN R. BEASON P-34095 (DEFENSE COUNSEL).

_____/

JURISDICTION AND VENUE.

Jurisdiction is also conferred through the disposition of said Court Order in Case No.: 21-00224-AS, by the Honorable Mark A. Trusock P-38156, that my relief is a Motion for Relief of Judgment pursuant to MCR 6.500 et seq. of the Michigan Court Rules.

MANDAMUS UT DE FOEDERATUM – A FEDERAL ORDER OF MANDAMUS; is to be interpreted through the Federal Order; HON.: PAUL LEWIS MALONEY P-25144 Federal Judge in Case No.: 1:16-CV-1381; stating that in the matter of SMITH VS. BUTH, that I, the PLAINTIFF IN RE, has stated a claim to where his court has (PREDOMINATED) subject-matter jurisdiction pursuant to 28 U.S.C. 1367 as supplemental jurisdiction to where the HON.: JANET T. NEFF P-18210 in conjunction to her own LOCAL COURT RULES, has the authority to discipline state officials where jurisdiction is in here territory along with the 17TH Judicial Circuit Court to enforce 28 U.S.C 1361 & 1631 under AMENDMENT V of the U.S. Constitution and bound by Article 17 of The Michigan Constitution of 1963. According to the pathway of this jurisdiction from The HON.: Paul L .Maloney's court for this subject-matter jurisdiction; is to TRANSFER the cure to want of jurisdiction or what is now called SUPERINTENDING CONTROL, in accordance to the Michigan Court Rules.

The VENUE CHANGE would be from U.S. District Court Case No.: 1:16-CV-1381, and 1:21-CV-00078-JTN-PJG, to the 17TH Judicial Circuit Court to cure want of Subject-Matter Jurisdiction through Superintending Control to seal said Lower Case No.: 14-11012-FH in whole pursuant to MCR 7.211 (C) (9); and award the PLAINTIFF IN RE the maximum amount this court has the jurisdiction to provide as RELIEF SOUGHT BY THE PLAINTIFF IN RE: $25,000.

The punitive and compensatory damages are the expense and labor and cost that the PLAINTIFF IN RE, ensued and was not able to provide because of this BREACH OF THE 17TH JUDICIAL CIRCUIT COURT PLEA – (EVIDENCE: 17TH CIRCUIT COURT TRANSCRIPT) – for NON-PUBLIC S.O.R.A. REGISTRATION, which had been agreed upon by The HON.: George S. Buth P-11479, Kent County Prosecutor's Office, and Defense Counsel on the court transcript to which all the defendant's in this matter, being all the judges in this case in my previous attempt to bring this to the court's attention on numerous occasions.

Also, Jurisdiction remains under MCR 6.201 (J) for all parties in the Lower case number as well supported by MCR 3.306, 3.305 – for (JUDICIAL ENTRAPMENT), (OBSTRUCTION OF JUSTICE AND DUE PROCESS), at a session held in this Honorable Court on 07/22/2015.

## VENUE CHANGE.

The venue change is from the U.S. District Court for the Western District of Michigan – HON.: Paul Lewis Maloney P-21544 Case No.: 1:16-CV-1381 under Subject-Matter Jurisdiction which has (Predomination), in the nature of Mandamus against State Officials in an IN RE CONTEMPT PROCEEDING in the 17TH Judicial Circuit Court pursuant to MCR 3.302, and 3.305, and 3.306 cure want of Subject-Matter Jurisdiction to where his court has Predominated Subject-Matter Jurisdiction Pursuant to 28 U.S.C. 1367 28 U.S.C. 1361, and 28 U.S.C. 1631; 2403.

With this, Plaintiff, IN RE, requests the transfer to cure the want of Superintending Control pursuant to MCR 3.302 to seal Case No.: 14-11012-FH, IN WHOLE, for Breach of the 17TH Judicial Circuit Court Plea Agreement.

Respectfully Submitted:

/s/ Mr. Stacey R. Smith
PLAINTIFF IN RE; AD HONORUM.

| STATE OF MICHIGAN<br>REGION - G5 **JUDICIAL DISTRICT**<br>17TH **JUDICIAL CIRCUIT**<br>**PROBATE COURT** | **ORDER FOR**<br>**CHANGE OF VENUE** | **CASE NO. and JUDGE**<br>22-02505 -AS<br>FROM CASE NO.: 14-11012-FH |
|---|---|---|

**Court address**                                                               **Court telephone no.**

180 OTTAWA AVE NW GRAND RAPIDS, MICHIGAN 49503 SUITE: 2400. (MCR 6.201 (J).        616-632-5220

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| MR. STACEY R. SMITH - PRO SE (AD HONORUM).<br>MCL 60031701, 600.4401 (1); MCR 3.306, 3.305, 3.302;<br>BREACH OF THE 17TH JUDICIAL CIRCUIT PLEA<br>AGREEMENT AND REQUEST FOR SUPERINTENDING<br>CONTROL PURSUANT TO MCR 3.302; 28 USC1361&1631 | v | HON.: J. JOSEPH ROSSI P-53541 - CASE CUSTODIAN.<br>HON.: MARK A. TRUSOCK P-38156. CHIEF 17TH CIR.<br>HON.: BRIDGET MC CORMACK P-58387 - CHIEF MSC.<br>HON.: JANET T. NEFF P-18210 - USD JUDGE W. DIST.<br>HON.: GEORGE S. BUTH P-11479 - (PRESIDOR) 07/22/15. |

| Plaintiff's attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
|---|---|
| MANDAMUS UT DE FOEDERATUM; MOTION FOR<br>RELIEF OF JUDGMENT MCR 6.500 et seq. ; MOTION TO<br>SET ASIDE CONVICTION; MOTION TO SEAL IN<br>WHOLE CASE NUMBER: 14-11012-FH; MCR 3.302; MCR<br>7.211 (C) (9).: AWARD PLANTIFF MAXIMUM: $25K. | LEAD PROSECUTOR CHRIS BECKER P-53752.<br>KEVIN BRAMBLE (PROSECUTOR'S OFFICE) P-38380.<br>JOSHUA KUIPER (PROSECUTOR'S OFFICE) P-66576.<br>LINDA HOWELL (CORPORATE COUNSEL) P-44006.<br>JOHN R. BEASON (DEFENSE COUNSEL) P-34095. |

1. The case was filed on _____ .
                         Date
    ☐ Service was made on _____ .
                              Date(s) (If more than one defendant has been served, list names and dates served for each defendant.)
    ☐ Judgment was entered on _____ .
                              Date

2. On     ☐ the court's own initiative     ☑ motion by PLAINTIFF; IN RE STACEY R SMITH - PRO SE (AD HONORUM).
for a change of venue in this case, the court finds that venue is   ☐ proper.   ☐ improper.
(Use note: If venue is proper, the court may not change the venue on its own initiative but may do so only on motion of a party. MCR 2.222[B]
If venue is improper, the court may change venue on its own initiative with notice to the parties and an opportunity to be heard. MCR 2.223[A])

**IT IS ORDERED:**

☐ 3. Venue is changed and this case shall be transferred to _____

    by _____ .
         Date

    Reason for change (check as many as apply):
    a. ☐   Venue is improper. (MCR 2.223)
    b. ☐   Venue is proper only because of the joinder of a codefendant who was not joined in good faith but only to control
         venue. (MCR 2.225)
    c. ☐   Multiple claims are joined in the action, and the venue of one or more would have been improper if the claims
         had been brought in separate actions. (MCR 2.222[C])
    d. ☐   Convenience of the parties, witnesses, or attorneys. (MCR 2.222[A])
    e. ☐   An impartial trial cannot be held where the action is pending. (MCR 2.222[A])
    f. ☐   Other (must specify applicable court rule): _____

_____

☐ 4. Causes of action are severed. The cause of action entitled _____

_____

shall be transferred. The balance of the case shall be retained by this court.

Distribute form to:
Transferring Court
Receiving court
Plaintiff
Defendant

**Order for Change of Venue**   (4/21)
Page 2 of 2

Case No. _____ **-AS**

☐ 5.  Filing fees have been waived.

☐ 6.  _____ shall pay the filing fees in the receiving court within
28 days of this order.   ☐ Plaintiff shall pay reasonable compensation and attorney fees to the defendant.

☐ a.  Venue was proper but is changed. No further proceedings shall be had after transfer until these costs and
expenses are paid. If costs and expenses are not paid within 28 days of the date of this order, this case will be
transferred back to this court. MCR 2.222(A), MCR 2.222(C)
☐ b.  Venue was improper and is changed. No further proceedings shall be had after transfer until costs and expenses
have been paid. If costs and expenses are not paid within 28 days of the date of this order, this case will be
dismissed. MCR 2.223(C)(2), MCR 2.225(C)(1)

Additional information regarding the change of venue process can be found here.

☐ 7.  Costs and/or expenses of the trial shall be paid by _____ upon
presentment of an order of a judge presiding in the jurisdiction to which the case is transferred. (MCL 600.1655)

☐ 8.  The clerk of the court must prepare the case records for transfer in accordance with this order and the Michigan Trial
Court Records Management Standards and send them to the receiving court by a secure method.
If a jury fee has already been paid to this court, it shall be forwarded to the court to which this action is transferred.

☐ 9.  The motion is   ☐ denied   ☐ dismissed   because: _____

_____

_____
Judge signature and date

## NOTICE OF REFUSAL OF TRANSFER

I have reviewed this order and it lacks the information necessary for this court to determine under which rule the transfer
was ordered. This court refuses to accept the transfer and the case is returned to the transferring court for a proper order.

_____
Clerk/Deputy clerk signature and date

STATE OF MICHIGAN

FOR THE 17TH JUDICIAL CIRCUIT COURT

IN: THE COUNTY OF KENT.

_____

CIVIL CASE NO.: 22-02505-AS.          HON.: MARK A. TRUSOCK P-38156.

**MOTION TO VACATE CONVICTION.**

IN RE: MR. STACEY R. SMITH (PRO SE AD HONORUM) USCCOA: 21-2775 MCR 6.50 et seq.

**VS.** } BREACH OF THE 17TH CIRCUIT PLEA AGREEMENT – (NON-PUBLIC REGISTRATION).

SUPPLEMENTAL BRIEF PURSUANT TO 28 USC 1367, 1361, 1631.
JURISDICTIONAL SANCTION: MCR 6.201 (J) & MCR 2.209.

HON.: J. JOSEPH ROSSI P-53941 (CASE CUSTODIAN).

HON.: MARK A. TRUSOCK P-38156 (CHIEF JUDGE OF THE 17TH CIRCUIT).

HON.: BRIDGET MC CORMACK P-58387 (CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT.

HON.: JANET T. NEFF P-18210 (U.S. DISTRICT JUDGE ) – WESTERN DISTRICT.

LEAD PROSECUTOR CHRIS R. BECKER P-53752.

KEVIN BRAMBLE P-38380 (PROSECUTOR'S OFFICE).

JOSHUA KUIPER P-66576 (PROSECUTOR'S OFFICE) (PRIMARY).

LINDA HOWELL P-44006 (CORPORATE COUNSEL FOR THE COUNTY OF KENT.

HON.: GEORGE S. BUTH P-11479 (PRESIDOR) (RETIRED).

JOHN R. BEASON P-34095 (DEFENSE COUNSEL).

_____/

NOW ENTERS THE PLAINTIFF IN RE: STACEY R. SMITH, with a Motion to Vacate Conviction pursuant to The 17TH Circuit Court order from the Honorable Mark A. Trusock P-38156, that, I, the Appellant case No.: 21-02505-AS, "A Complaint for Superintending Control under the jurisdiction of MCR 3.302, to which this Honorable Court has the authority and jurisdiction in accordance to the court rules and the Compiled Laws of the State of Michigan.

Jurisdiction has been conferred by, MCL 600.1701 & 600.4401 (1); MCR 3.306 – IN RE CONTEMPT PROCEEDING ON STATE OFFICIALS; MCR 3.305, AND JURISDICTION FOR SUPERINTENDING CONTROL BY THE 17TH JUDICIAL CIRCUIT COURT PURSUANT TO MCR 3.302 (AS) CODE IN THE 17TH JUDICIAL CIRCUIT COURT.

The Michigan Supreme Court had the opportunity to assist in this jurisdictional correction and refused under Exceptional Issuance in their miscellaneous orders, yet refused as I presented the same evidence which was the Court Transcript and was purposely ignored along with the HON.: Janet T. Neff of the U.S. District Court for the Western District of Michigan in Case No.: 1:21-CV-78 which had been appealed for the third time in the 6TH Circuit Appeal No.: 21-2775. Previous 6TH Circuit Appeal No's: 20-1716; 17-1022. Michigan Supreme Court Case No.: 161058.

The PLAINTIFF IN RE, has provided the Brief which had been filed in the 6TH Circuit Court, Case No.: 21-2775, to be transferred to the 17TH Judicial Circuit Court under Superintending Control pursuant to MCR 3.302 for Breach of the 17TH Judicial Circuit Court Plea Agreement: 28 U.S.C. 1651.

"The Supreme Court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction; and writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed under the authority of the United States, or to persons holding office under the authority of the United States, where a State, or an ambassador, or other public minister, or a consul, or vice consul is a party."

The special provisions of section 342 of title 28, U.S.C., 1940 ed., with reference to writs of prohibition and mandamus, admiralty courts and other courts and officers of the United States were omitted as unnecessary in view of the revised section.

The revised section extends the power to issue writs in aid of jurisdiction, to all courts established by Act of Congress, thus making explicit the right to exercise powers implied from the creation of such courts.

NOW COMES THE PLAINTIFF, IN RE, with Supplemental Jurisdiction: Under 28 U.S.C. § 1367, Supplemental jurisdiction promotes judicial efficiency because all of a party's claims can be decided in one trial by the federal court. The claim substantially predominates over the claims for which the court has original jurisdiction. (28 USC 1361 & 1631) – PRE-

DOMINATION. (ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence; (iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision; and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning: Rule 24. Intervention (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal Case: 21-2775 Document: 6 Filed: 08/23/2021 Page: 5 statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. (b) PERMISSIVE INTERVENTION. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. (2) By a Government Officer or Agency. On timely motion, the court may permit a (federal) or state governmental officer or agency to intervene: THE PLAINTIFF IN RE; if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency: MCR 7.215 (F) (2) UNDER EXCEPTIONAL ISSUANCE (MISC); MCR 7.203 (A), (B), (C) 1-6; or (B) any regulation, order, requirement, or (agreement issued) or made under the statute or executive order. (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. (c) NOTICE AND PLEADING REQUIRED. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec. 1, 2007.) (2) Conference Content; Parties' Responsibilities. In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or re solving the case; make or arrange for the disclosures required by Rule *26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan*. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, *for attempting in good faith to agree on the proposed discovery plan*, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

Respectfully Submitted:


/s/ Mr. Stacey R. Smith


PLAINTIFF IN RE: AD HONORUM

Approved, SCAO

Original - Court
1st copy - Michigan State Police CJIC
2nd copy - Corrections
3rd copy - Defendant
4th copy - Prosecutor

| STATE OF MICHIGAN<br>17TH  JUDICIAL CIRCUIT<br>KENT   COUNTY | ORDER VACATING CONVICTION AND<br>ENTERING NEW DISPOSITION | CASE NO.<br>L.C.: 14-11012-FH;          -AS |
|---|---|---|

ORI
MI- WY1429462.

Police Report No.

**Court address**
180 OTTAWA AVE NW GRAND RAPIDS, MI 49503

**Court telephone no.**
616-632-5220.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant name, address, and telephone no.<br>STATE OF MICHIGAN; COUNTY OF KENT AND THE 17TH JUDICIAL CIRCUIT COURT; THE KENT COUNTY PROSECUTOR; DEFENSE COUNSEL. |
|---|---|---|

| CTN/TCN<br>41140126309 | SID<br>204-00029462 | DOB<br>03/12/1969 |
|---|---|---|

| Prosecuting attorney name | Bar no. |
|---|---|
| CHRIS R. BECKER LEAD PROSECUTOR | P-53752 |

| Defendant's attorney name | Bar no. |
|---|---|
| JOHN R. BEASON | P-34095 |

1. The defendant was found guilty on _____ COUNTS 4-5 (PLEA) _____ of the crime(s) stated below.
Date

| Count | CONVICTED BY | | | DISMISSED By* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1-3 | | | | | CRIMINAL SEXUAL CONDUCT | MCL 750.520 (C) (1) (H) |
| 4-5 | P | | | | CRIMINAL SEXUAL CONDUCT | MCL 750.520 (E) |
| | | | | | | |
| | | | | | | |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. On _____ a motion was filed by the ☐ prosecutor ☐ defendant  to vacate the conviction and
Date

dismss the complaint.

☐ 3. On _____ a new trial was conducted and the defendant was found not guilty of the crime(s) stated below.
Date

_____

**IT IS ORDERED**

4. The  ☐ prosecutor's   ☐ defendant's   motion to dismiss is granted with prejudice and the conviction is vacated.

5. The defendant is acquitted after retrial by  ☐ jury  ☐ judge  ☐ on all charges.  ☐ on the following charge(s):

_____

6. The defendant shall be immediately discharged from confinement in this case.

7. Other:



_____        _____
Date                               Judge                          Bar no.


The clerk of the court shall advise the Michigan State Police Criminal Justice Information Center and the Department of Corrections of the disposition as required by MCL 769.16a.

CC 387   (6/17)  **ORDER VACATING CONVICTION AND ENTERING NEW DISPOSITION**          MCL 769.16a, MCR 6.419, MCR 6.431

| STATE OF MICHIGAN<br>17TH  JUDICIAL CIRCUIT<br>KENT  COUNTY | MOTION FOR RELIEF FROM JUDGMENT | CASE NO. and JUDGE<br>14-11012-FH  Q2505 -AS<br><br>CHIEF JUDGE TRUSOCK P-38156. |
|---|---|---|

| ORI<br>MI- WY1429462 | Court address<br>180 OTTAWA AVEE NW SUITE: 2400 GRAND RAPIDS, MICHIGAN 49503 | Court telephone no.<br>616-632-5220 |
|---|---|---|

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant name, address, and inmate no.<br>17TH CIRCUIT COURT; MICHIGAN COURT OF APPEALS; MICHIGAN SUPREME COURT; COUNTY OF KENT; DEFENSE COUNSEL; CORPORATE; USD:P-18210 |
|---|---|---|

| To be completed by the court. | |
|---|---|
| CTN/TCN<br>41140126309 | SID<br>2014-00029462 |

**INSTRUCTIONS:** Answer each question as completely as you can. If you need more space to answer any question, you may attach extra pages. You may also attach documents, affidavits, or a brief, if you wish. Only one motion for relief may be filed, except as indicated in MCR 6.502(G)(2). Information for items 1 and 2 is on both your judgment of sentence and basic information sheet, which are available at the prison record office.

1. I was found guilty on ___07/22/2015___ of the crime(s) stated below.
   Date

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1-3 | | | | | CRIMINAL SEXUAL CONDUCT | MCL 750.520 (C) (1) (H) |
| 4-5 | P | | | | CRIMINAL SEXUAL CONDUCT | MCL 750.520 (E) |
| | | | | | | |

*For plea: Insert "G" for guilty pleas, "NC" for nolo contendre, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

2. I was sentenced as stated below by Hon. ___GEORGE S. BUTH P-11479 (RETIRED) CUSTODY OF P-53541 (ROSSI).___
   Name of judge

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 4-5 | 07/22/2015 | | 24 | | | 24 | 07/22/2015 | | | SUCCESFULLY DISCHARGED. |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

3. Fill in the charts below with the information requested about the court proceedings in your case and the names of the attorneys who represented you.

   **a. Trial Level - All Proceedings.** From arrest to sentencing, including lineups and other proceedings.

| NAME OF PROCEEDING | NAME OF ATTORNEY | | NAME OF PROCEEDING | NAME OF ATTORNEY |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Distribute form to:
Court
Prosecutor
Defendant
Defendant attorney

Motion for Relief From Judgment   (5/21)
Page 2 of 2

Case No. ___14-11012-FH___

3. (continued)

b. **Postconviction - All Proceedings.** State and federal, including appeals, posttrial motions, and habeas petitions.

| COURT | DOCKET NO. | NAME OF PROCEEDING | NAME OF ATTORNEY | RESULT | DATE OF RESULT |
|-------|-----------|--------------------|------------------|--------|----------------|
| 17TH | 14-11012-FH | People vs. Stacy Smith | John R. Beason | BREACH OF PLEA | 06/27/2017 |
| | | | | | |
| | | | | | |
| | | | | | |

4. **Appointment of Counsel.** Do you want an attorney appointed?  ☑ Yes  ☐ No If yes, complete and attach a financial schedule.

5. **Grounds and Relief.**

a. What action do you want the court to take? AWARD PLAINTIFF MAXIMUM AMOUNT OF $25.000 U.S.D.: GRANT PLAINTIFF RELIEF FROM JUDGMENT DATED 07/22/2015; SET ASIDE CONVICTION AND SEAL IN WHOLE.

b. What are the legal grounds for the relief you want? **You must raise all the issues you know about.** You may not be allowed to raise additional issues in the future. Use extra sheets of paper, if necessary.

**ISSUE ONE:** MOTION TO TRANSFER TO CURE WANT OF SUPERINTENDING CONTROL PURSUANT TO MCR 3.302. ACCORDING TO HON.: PAUL MALONEY U.S. DISTRICT JUDGE P-25194; INDICATED THAT PLAINTIFF STATED A

Supporting facts: CLAIM TO WHERE HIS COURT HAD SUBJECT-MATTER JURISDICTION: (ORIGINAL JURISDICTION). (PRE-DOMINATION), IN THE FEDERAL COURTS REMAINS (IN THE NATURE OF MANDAMUS). U.S.D.C.: 1:21-CV-78.

**ISSUE TWO:** THE 6TH CIRCUIT COURT OF APPEALS INDICATED THAT I FAILED TO FILE AN ORIGINAL HABEAS CORPUS MOTION AND PROVIDED EVIDENCE OF THE FILING WITH THE USDC TIME STAMP ON IT. (UNTRUTHFUL).

Supporting facts: THE PLAINTIFF HAS BEEN UNDER A DILIBERATE BREACH OF THE SENTENCING AGREEMENT FOR (NON-PUBLIC) S.O.R.A. REGISTRATION PURPUSELY BY THE LEAD PROSECUTOR AND NO RESPONSE FROM

**ISSUE THREE:** BRANDY JOHNSON IN ADMINISTRATION OF THE KENT COUNTY PROSECUTOR'S OFFICE FOR THE CORRECTION AND THE HAVE NOT RESPONDED BACK TO THE PLAINTIFF. PLAINTIFF HAS PROVEN WRONGFUL

Supporting facts: CONVICTION IN CASE NO.: 21-00224-AS; PLANTIFF REQUEST SUPERINTENDING CONTROL TO SEAL CASE NO.: 14-11012-FH IN WHOLE PURSUANT TO MCR 7.211 (C) (9) FOR BREACH OF CONTRACT.

I declare under the penalties of perjury that this motion has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

_____
Date

_____
Signature

**PROOF OF SERVICE**

I certify that on this date I served a copy of this motion upon the prosecutor by  ☐ personal service.  ☐ first-class mail.
I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

_____
Date

_____
Signature

STATE OF MICHIGAN

FOR THE 17TH JUDICIAL CIRCUIT COURT

IN: THE COUNTY OF KENT.

———————

CIVIL CASE NO.:  22- O2 5O5 -AS          HON.:  Mark A. Trusock P-38156,

IN RE: MR. STACEY R. SMITH (PRO SE AD HONORUM)  USCCOA: 21-2775 MCR 6.50 et seq.

## VS.  } BREACH OF THE 17TH CIRCUIT PLEA AGREEMENT – (NON-PUBLIC REGISTRATION).
SUPPLEMENTAL BRIEF PURSUANT TO 28 USC 1367, 1361, 1631.
JURISDICTIONAL SANCTION: MCR 6.201 (J) & MCR 2.209.

HON.: J. JOSEPH ROSSI P-53941 (CASE CUSTODIAN).

HON.: MARK A. TRUSOCK P-38156 (CHIEF JUDGE OF THE 17TH CIRCUIT).

HON.: BRIDGET MC CORMACK P-58387 (CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT.

HON.: JANET T. NEFF P-18210 (U.S. DISTRICT JUDGE ) – WESTERN DISTRICT.

LEAD PROSECUTOR CHRIS R. BECKER P-53752.

KEVIN BRAMBLE P-38380 (PROSECUTOR'S OFFICE).

JOSHUA KUIPER P-66576 (PROSECUTOR'S OFFICE) (PRIMARY).

LINDA HOWELL P-44006 (CORPORATE COUNSEL FOR THE COUNTY OF KENT.

HON.: GEORGE S. BUTH P-11479 (PRESIDOR) (RETIRED).

JOHN R. BEASON P-34095 (DEFENSE COUNSEL).

_____/

MOTION FOR RELIEF OF JUDGMENT PER THE COURT ORDER OF THE HONORABLE MARK A. TRUSOCK P-38156. CASE NO.: 20-00224-AS. 17TH CIRCUIT COURT.

MANDAMUS UT DE FOEDERATUM – PER THE ADOPTION, IN PART, OF CASE NO.: 1:16-1381 U.S. DISTRICT   COURT HON.: PAUL LEWIS MALONEY P-25194. IN THE NATURE OF SUBJECT-MATTER JURISDICTION PURSUANT TO – AMENDMENT (V) -5 OF THE U.S. CONSTITUTION AND THE MICHIGAN CONSTITUTION – ARTICLE 17 OF 1963. 28 USC 1367 – (FEDERAL ORDER OF MANDAMUS). ORIGINAL JURISDICTION.

BASIS OF THE CASE AND PRIMA FACIE – Breach of the 17TH Judicial Circuit Court Plea Agreement for Non-Public S.O.R.A. Registration which had been agreed upon by all parties, Judge Buth, Kent County Prosecutor's Office and Defense Counsel, all on the 17th Circuit Court Transcript, hereby submitted as evidence in conjunction to the Motion for Relief of Judgment; therefore justifying the Order to Vacate the conviction an affirmation for Superintending Control pursuant to MCR 3.302. > 28 USC 1361 – PREDOMINATION IN THE NATURE OF MANDAMUS.

NOW ENTERS THE PLAINTIFF IN RE: STACEY R. SMITH, with a motion for relief of judgment pursuant to 17TH Circuit Court order from the honorable Mark A. Trusock I Appellant case No.: 21-00224-AS, "A Complaint for Superintending Control under the jurisdiction of MCR 3.302, to which this honorable court has the authority and jurisdiction in accordance to the court rules and the Compiled Laws of the State of Michigan.

Jurisdiction has been conferred by, MCL 600.1701 & 600.4401 (1); MCR 3.306 – IN RE CONTEMPT PROCEEDING ON STATE OFFICIALS; MCR 3.305, AND JURISDICTION FOR SUPERINTENDING CONTROL BY THE 17TH JUDICIAL CIRCUIT COURT PURSUANT TO MCR 3.302 (AS) CODE IN THE 17TH JUDICIAL CIRCUIT COURT.

JURISDICTION AND VENUE.

Jurisdiction is also conferred through the disposition of said Court Order in Case No.: 21-00224-AS, by the Honorable Mark A. Trusock P-38156, that my relief is a Motion for Relief of Judgment pursuant to MCR 6.500 et seq. of the Michigan Court Rules.

MANDAMUS UT DE FOEDERATUM – A FEDERAL ORDER OF MANDAMUS; is to be interpreted through the Federal Order; HON.: PAUL LEWIS MALONEY P-25144 Federal Judge in Case No.: 1:16-CV-1381; stating that in the matter of SMITH VS. BUTH, that I, the PLAINTIFF IN RE, has stated a claim to where his court has (PREDOMINATED) subject-matter jurisdiction pursuant to 28 U.S.C. 1367 as supplemental jurisdiction to where the HON.: JANET T. NEFF P-18210 in conjunction to her own LOCAL COURT RULES, has the authority

to discipline state officials where jurisdiction is in here territory along with the 17TH Judicial Circuit Court to enforce 28 U.S.C 1361 & 1631 under AMENDMENT V of the U.S. Constitution and bound by Article 17 of The Michigan Constitution of 1963. According to the pathway of this jurisdiction from The HON.: Paul L .Maloney's court for this subject-matter jurisdiction; is to TRANSFER the cure to want of jurisdiction or what is now called SUPERINTENDING CONTROL, in accordance to the Michigan Court Rules.

The VENUE CHANGE would be from U.S. District Court Case No.: 1:16-CV-1381, and 1:21-CV-00078-JTN-PJG, to the 17TH Judicial Circuit Court to cure want of Subject-Matter Jurisdiction through Superintending Control to seal said Lower Case No.: 14-11012-FH in whole pursuant to MCR 7.211 (C) (9); and award the PLAINTIFF IN RE the maximum amount this court has the jurisdiction to provide as RELIEF SOUGHT BY THE PLAINTIFF IN RE: $25,000.

The punitive and compensatory damages are the expense and labor and cost that the PLAINTIFF IN RE, ensued and was not able to provide because of this BREACH OF THE 17TH JUDICIAL CIRCUIT COURT PLEA – (EVIDENCE: 17TH CIRCUIT COURT TRANSCRIPT) – for NON-PUBLIC S.O.R.A. REGISTRATION, which had been agreed upon by The HON.: George S. Buth P-11479, Kent County Prosecutor's Office, and Defense Counsel on the court transcript to which all the defendant's in this matter, being all the judges in this case in my previous attempt to bring this to the court's attention on numerous occasions.

Also, Jurisdiction remains under MCR 6.201 (J) for all parties in the Lower case number as well supported by MCR 3.306, 3.305 – for (JUDICIAL ENTRAPMENT), (UBSTRUCTION OF JUSTICE AND DUE PROCESS), at a session held in this Honorable court on 07/22/2015.

The Michigan Supreme Court had the opportunity to assist in this jurisdictional correction and refused under Exceptional Issuance in their miscellaneous orders, yet refused as I presented the same evidence which was the Court Transcript and was purposely ignored along with the HON.: Janet T. Neff of the U.S. District Court for the Western District of Michigan in Case No.: 1:21-CV-78 which had been appealed for the third time in the 6TH Circuit Appeal No.: 21-2775. Previous 6TH Circuit Appeal No's: 20-1716; 17-1022. Michigan Supreme Court Case No.: 161058.

The PLAINTIFF IN RE, has provided the Brief which had been filed in the 6TH Circuit Court, Case No.: 21-2775, to be transferred to the 17TH Judicial Circuit Court under Superintending Control pursuant to MCR 3.302 for Breach of the 17TH Judicial Circuit Court Plea Agreement: 28 U.S.C. 1651.

**28 U.S.C. § 1651: CITING>**

28 USC § 1651

Writs

*through Pub. L. 116-282, except Pub. L. 116-260*

USC

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

*Historical and Revision Notes*
*1948 Act*
Based on title 28, U.S.C., 1940 ed., §§342, 376, 377 (Mar. 3, 1911, ch. 231, §§234, 261, 262, 36 Stat. 1156, 1162).

Section consolidates sections 342, 376, and 377 of title 28, U.S.C., 1940 ed., with necessary changes in phraseology.

Such section 342 provided:

"The Supreme Court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction; and writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed under the authority of the United States, or to persons holding office under the authority of the United States, where a State, or an ambassador, or other public minister, or a consul, or vice consul is a party."

Such section 376 provided:

"Writs of ne exeat may be granted by any justice of the Supreme Court, in cases where they might be granted by the Supreme Court; and by any district judge, in cases where they might be granted by the district court of which he is a judge. But no writ of ne exeat shall be granted unless a suit in equity is commenced, and satisfactory proof is made to the court or judge granting the same that the defendant designs quickly to depart from the United States."

Such section 377 provided:

"The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

The special provisions of section 342 of title 28, U.S.C., 1940 ed., with reference to writs of prohibition and mandamus, admiralty courts and other courts and officers of the United States were omitted as unnecessary in view of the revised section.

The revised section extends the power to issue writs in aid of jurisdiction, to all courts established by Act of Congress, thus making explicit the right to exercise powers implied from the creation of such courts.

The provisions of section 376 of title 28, U.S.C., 1940 ed., with respect to the powers of a justice or judge in issuing writs of ne exeat were changed and made the basis of subsection (b) of the revised section but the conditions and limitations on the writ of ne exeat were omitted as merely confirmatory of well-settled principles of law.

The provision in section 377 of title 28, U.S.C., 1940 ed., authorizing issuance of writs of scire facias, was omitted in view of rule 81(b) of the Federal Rules of Civil Procedure abolishing such writ. The revised section is expressive of the construction recently placed upon such section by the Supreme Court in *U.S. Alkali Export Assn. v. U.S.*, 65 S.Ct. 1120, 325 U.S. 196, 89 L.Ed. 1554, and *De Beers Consol. Mines v. U.S.*, 65 S.Ct. 1130, 325 U.S. 212, 89 L.Ed. 1566.

*1949 Act*

This section corrects a grammatical error in subsection (a) of section 1651 of title 28, U.S.C.

*Editorial Notes*
*Amendments*
**1949**—Subsec. (a). Act May 24, 1949, inserted "and" after "jurisdictions".

*Statutory Notes and Related Subsidiaries*
*Writ of Error*
Act Jan. 31, 1928, ch. 14, §2, 45 Stat. 54, as amended Apr. 26, 1928, ch. 440, 45 Stat. 466; June 25, 1948, ch. 646, §23, 62 Stat. 990, provided that: "All Acts of Congress referring to writs of error shall be construed as amended to the extent necessary to substitute appeal for writ of error."

**CITING: MCR 2.209 as jurisdiction for the PLAINTIFF IN RE'S ability to intervene in CASE NO.: 14-11012-FH FOR BREACH OF CONTRACT – 17TH CIRCUIT PLEA AGREEMENT.**

**Rule 2.209 Intervention**

(A) Intervention of Right. On timely application a person has a right to intervene in an action:

(1) when a Michigan statute or court rule confers an unconditional right to intervene;

(2) by stipulation of all the parties; or

(3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(B) Permissive Intervention. On timely application a person may intervene in an action

(1) when a Michigan statute or court rule confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(C) Procedure. A person seeking to intervene must apply to the court by motion and give notice in writing to all parties under MCR 2.107. The motion must

(1) state the grounds for intervention, and

(2) be accompanied by a pleading stating the claim or defense for which intervention is sought.

(D) Notice to Attorney General. When the validity of a Michigan statute or a rule or regulation included in the Michigan Administrative Code is in question in an action to which the state or an officer or agency of the state is not a party, the court may require that notice be given to the Attorney General, specifying the pertinent statute, rule, or regulation.

**LEGEND: RED (STATE) , BLUE (FEDERAL), GREEN: (PLAINTIFF IN RE).**

NOW COMES THE PLAINTIFF, IN RE, with Supplemental Jurisdiction: Under 28 U.S.C. § 1367, Supplemental jurisdiction promotes judicial efficiency because all of a party's claims can be decided in one trial by the federal court. The claim substantially predominates over the claims for which the court has original jurisdiction. (28 USC 1361 & 1631) – PRE-DOMINATION. (ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence; (iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision; and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning: Rule 24. Intervention (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal Case: 21-2775 Document: 6 Filed: 08/23/2021 Page: 5 statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. (b) PERMISSIVE INTERVENTION.

(1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. (2) By a Government Officer or Agency. On timely motion, the court may permit a (federal) or state governmental officer or agency to intervene: THE PLAINTIFF IN RE; if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency: MCR 7.215 (F) (2) UNDER EXCEPTIONAL ISSUANCE (MISC); MCR 7.203 (A), (B), (C) 1-6; or (B) any regulation, order, requirement, or (agreement issued) or made under the statute or executive order. (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. (c) NOTICE AND PLEADING REQUIRED. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec. 1, 2007.) (2) Conference Content; Parties' Responsibilities. In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or re solving the case; make or arrange for the disclosures required by Rule *26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan*. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, *for attempting in good faith to agree on the proposed discovery plan*, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

28 U.S.C. §1367. Supplemental jurisdiction (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons

made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period. (e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States. (Added Pub. L. 101–650, title III, §310(a), Dec. 1, 1990, 104 Stat. 5113 .)

Respectfully submitted:

/s/ Mr. Stacey R. Smith

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. BOX 30213
LANSING, MICHIGAN 48909

DANA NESSEL
ATTORNEY GENERAL

March 19, 2019

Refer to AG No.:  2019-cp02150720786-A

Stacey R. Smith
855 Kalamazoo Ave. SE
Grand Rapids, MI 49507

Dear Consumer:

 RE: 17th Circuit Court-Kent County

 We have received the information you recently submitted to this office regarding 17th Circuit Court-Kent County.

 We are, by copy of this letter, referring your correspondence to:

  State Court Administrative Office
  Michigan Hall of Justice
  PO Box 30048
  Lansing, MI 48909
  (517) 373-0128

 From the information you have submitted it appears that the above-named agency may have jurisdiction in the matter outlined in your correspondence and may be able to assist you.

 Further communication regarding your correspondence should be forwarded directly to them at the address given in this letter.

 Hopefully, this direct referral will expedite efforts toward a solution of your problem or provide you with the information you requested.

  Sincerely,

  Michigan Department of Attorney General
  Consumer Protection Division
  1-877-765-8388
  (517) 241-3771 – Fax

mfm

*Circuit court*

## STATE OF MICHIGAN

## FOR THE 17TH JUDICIAL CIRCUIT COURT

## IN: THE COUNTY OF KENT.

_____

**PROOF OF SERVICE.**

CIVIL CASE NO.:   22-02505-AS.              HON.: MARK A. TRUSOCK P-38156.

### MOTION TO CHANGE VENUE
### <u>TO IN RE CONTEMPT MR. STACEY R. SMITH et. seq.</u>
### <u>AND MOTION FOR AN ORDER TO SHOW CAUSE.</u>

IN RE CONTEMPT: MR. STACEY R. SMITH (PRO SE AD HONORUM)  USCCOA: 21-2775
MCR 6.50 et seq.

# VS.   } BREACH OF THE 17TH CIRCUIT PLEA AGREEMENT – (NON-PUBLIC REGISTRATION).
SUPPLEMENTAL BRIEF PURSUANT TO 28 USC 1367, 1361, 1631.
JURISDICTIONAL SANCTION: MCR 6.201 (J) & MCR 2.209.

HON.: J. JOSEPH ROSSI P-53941 (CASE CUSTODIAN).

HON.: MARK A. TRUSOCK P-38156 (CHIEF JUDGE OF THE 17TH CIRCUIT).

HON.: BRIDGET MC CORMACK P-58387 (CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT.

HON.: JANET T. NEFF P-18210 (U.S. DISTRICT JUDGE ) – WESTERN DISTRICT.

LEAD PROSECUTOR CHRIS R. BECKER P-53752.

KEVIN BRAMBLE P-38380 (PROSECUTOR'S OFFICE).

JOSHUA KUIPER P-66576 (PROSECUTOR'S OFFICE) (PRIMARY).

LINDA HOWELL P-44006 (CORPORATE COUNSEL FOR THE COUNTY OF KENT.

HON.: GEORGE S. BUTH P-11479 (PRESIDER) (RETIRED).

JOHN R. BEASON P-34095 (DEFENSE COUNSEL).

_____ /

PROOF OF SERVICE.

CASE NO.: 22-02505-AS.

Let it be known:

That on _____ 2022 ANNO DOMINI, the following contents were mailed by U.S. First class service by the plaintiff IN RE:

Attesting to the best of my knowledge, understanding, and belief.

- - SUMMONS AND COMPLAINT.
- - MOTION TO CHANGE VENUE: IN RE CONTEMPT MR. CHRIS BECKER et seq.
- - ORDER FOR A CHANGE OF VENUE.
- - MOTION AND/OR ORDER TO SHOW CAUSE.
- - MOTION TO VACATE CONVICTION.
- - ORDER TO VACATE CONVICTION AND ENTER NEW DISPOSITION.
- - MOTION FOR RELIEF OF JUDGEMENT.
- - JURISDICTIONAL SANCTION MCR 6.201 (J) – SUPPLEMENTAL BRIEF PURSUANT TO 28 U.S.C. 1367, 1361, 1631; MCR 3.302, 3.305, 3.306, 6.201, 2.209.

HON.: J. JOSEPH ROSSI   CHRIS BECKER

HON.: MARK TRUSOCK   KEVIN BRAMBLE

         JOSHUA KUIPER

17TH JUDICIAL CIRCUIT COURT KENT COUNTY PROSECUTOR'S OFFICE.

180 OTTAWA AVE NW SUITE: 2500 82 IONIA AVE SUITE: 450

GRAND RAPIDS, MICHIGAN 49503. GRAND RAPIDS, MICHIGAN 49503.

LINDA HOWELL     JOHN R. BEASON

HON.: GEORGE S. BUTH

300 MONROE AVE NW

GRAND RAPIDS, MICHIGAN 49503. 15 IONIA AVE NW SUITE: 530.

         GRAND RAPIDS MICHIGAN 49503.

CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT:

BRIDGET M. MC CORMACK

925 W. OTTAWA ST.

LANSING MICHIGAN 48915.

PROOF OF SERVICE:

TO CASE NO.: 22-02505-AS.

SIGNATURE OF THE PLAINTIFF IN RE; ONLY:

MR. STACEY R. SMITH; PRO SE AD HONORUM.

_____
**DATE.**

With this, Plaintiff, IN RE, requests the transfer to cure the want of Superintending Control pursuant to MCR 3.302 to seal Case No.: 14-11012-FH, IN WHOLE, for Breach of the 17TH Judicial Circuit Court Plea Agreement.

**Respectfully Submitted:**

/s/ Mr. Stacey R. Smith
**PLAINTIFF IN RE; AD HONORUM.**

STATE OF MICHIGAN

FOR THE 17TH JUDICIAL CIRCUIT COURT

IN: THE COUNTY OF KENT.

———————

**PROOF OF SERVICE**.

CIVIL CASE NO.:   22-02505-AS.                    HON.: MARK A. TRUSOCK P-38156.

**MOTION TO CHANGE VENUE**
**TO IN RE CONTEMPT MR. STACEY R. SMITH et. seq.**
**AND MOTION FOR AN ORDER TO SHOW CAUSE.**

IN RE CONTEMPT: MR. STACEY R. SMITH (PRO SE AD HONORUM)  USCCOA: 21-2775
MCR 6.50 et seq.

## VS.  } BREACH OF THE 17TH CIRCUIT PLEA AGREEMENT – (NON-PUBLIC REGISTRATION).

SUPPLEMENTAL BRIEF PURSUANT TO 28 USC 1367, 1361, 1631.
JURISDICTIONAL SANCTION: MCR 6.201 (J) & MCR 2.209.

HON.: J. JOSEPH ROSSI P-53941 (CASE CUSTODIAN).    **NOTICE OF HEARING.**

HON.: MARK A. TRUSOCK P-38156 (CHIEF JUDGE OF THE 17TH CIRCUIT).

HON.: BRIDGET MC CORMACK P-58387 (CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT.

HON.: JANET T. NEFF P-18210 (U.S. DISTRICT JUDGE ) – WESTERN DISTRICT.

LEAD PROSECUTOR CHRIS R. BECKER P-53752.

KEVIN BRAMBLE P-38380 (PROSECUTOR'S OFFICE).

JOSHUA KUIPER P-66576 (PROSECUTOR'S OFFICE) (PRIMARY).

LINDA HOWELL P-44006 (CORPORATE COUNSEL FOR THE COUNTY OF KENT.

HON.: GEORGE S. BUTH P-11479 (PRESIDER) (RETIRED).

JOHN R. BEASON P-34095 (DEFENSE COUNSEL).

_____ /

PROOF OF SERVICE.
CASE NO.: 22-02505-AS.
Let it be known:

That on 04-18 2022 ANNO DOMINI, the following contents were mailed by U.S. First class service by the plaintiff IN RE:

# NOTICE OF HEARING. 04/29/2022.

Attesting to the best of my knowledge, understanding, and belief.

- SUMMONS AND COMPLAINT.
- MOTION TO CHANGE VENUE: IN RE CONTEMPT MR. CHRIS BECKER et seq.
- ORDER FOR A CHANGE OF VENUE.
- MOTION AND/OR ORDER TO SHOW CAUSE.
- MOTION TO VACATE CONVICTION.
- ORDER TO VACATE CONVICTION AND ENTER NEW DISPOSITION.
- MOTION FOR RELIEF OF JUDGEMENT.
- JURISDICTIONAL SANCTION MCR 6.201 (J) – SUPPLEMENTAL BRIEF PURSUANT TO 28 U.S.C. 1367, 1361, 1631; MCR 3.302, 3.305, 3.306, 6.201, 2.209.

HON.: J. JOSEPH ROSSI
HON.: MARK TRUSOCK

17TH JUDICIAL CIRCUIT COURT
180 OTTAWA AVE NW SUITE: 2500
GRAND RAPIDS, MICHIGAN 49503.

CHRIS BECKER
KEVIN BRAMBLE
JOSHUA KUIPER
KENT COUNTY PROSECUTOR'S OFFICE.
82 IONIA AVE SUITE: 450
GRAND RAPIDS, MICHIGAN 49503.

LINDA HOWELL
HON.: GEORGE S. BUTH
300 MONROE AVE NW
GRAND RAPIDS, MICHIGAN 49503.

JOHN R. BEASON

15 IONIA AVE NW SUITE: 530.
GRAND RAPIDS MICHIGAN 49503.

CHIEF JUSTICE OF THE MICHIGAN SUPREME COURT:
BRIDGET M. MC CORMACK
925 W. OTTAWA ST.
LANSING MICHIGAN 48915.

PROOF OF SERVICE:
TO CASE NO.: 22-02505-AS.

SIGNATURE OF THE PLAINTIFF IN RE; ONLY:

MR. STACEY R. SMITH; PRO SE AD HONORUM.

04-18-22
_____
DATE.

Let it be known that a hearing date has been set with the Honorable Mark Trusock P-38156; at the 17TH Judicial Circuit Court, set for **April 29, 2022 at 8:30 A.M.** before the Honorable Mark A. Trusock P-38156, please be advised.

With this, Plaintiff, IN RE, requests the transfer to cure the want of Superintending Control pursuant to MCR 3.302 to seal Case No.: 14-11012-FH, IN WHOLE, for Breach of the 17TH Judicial Circuit Court Plea Agreement.

Respectfully Submitted:

/s/ Mr. Stacey R. Smith
PLAINTIFF IN RE; AD HONORUM.

Approved, SCAO

Original - Return
1st copy - Witness
2nd copy - File
3rd copy - Extra

| STATE OF MICHIGAN<br>REGION: G-5 (V) **JUDICIAL DISTRICT**<br>17TH - AS **JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUBPOENA**<br>**Order to Appear and/or Produce** | **CASE NO.**<br>22-02505-AS |
|---|---|---|

| Court address 180 OTTAWA AVE NW GRAND RAPIDS, MICHIGAN 49503. SUITE: 2400. | Court telephone no.<br>616-632-5220 |
|---|---|

Police Report No. (if applicable):

| Plaintiff(s)/Petitioner(s)<br>☑ People of the State of Michigan<br>☑ IN RE CONTEMPT: MR. STACEY R. SMITH PRO SE<br>AD HONORUM; 28 USC 1367, 1361, 1631.<br><br>☑ Civil          ☐ Criminal | v | Defendant(s)/Respondent(s)<br>HON.: J. JOSEPH ROSSI, HON.: MARK TRUSOCK, HON.:<br>BRIDGET MC CORMACK, HON.: JANET NEFF, HON.:<br>GEORGE S. BUTH, LEAD PROSECUTOR CHRIS R.<br>BECKER, PROS.: KEVIN BRAMBLE, LINDA HOWELL.<br><br>Charge<br>MCL 750.520 (C) (1) (H) 1-3, (E) 4-5 17TH 07/22/2015. |
|---|---|---|

| ☐ Probate   In the matter of | IN RE CONTEMPT PROCEEDING MCR 3.305; 3.302: SUPERINTENDING CONTROL. |
|---|---|

In the Name of the People of the State of Michigan. TO:

HON.: J. JOSEPH ROSSI, HON.: MARK TRUSOCK, HON.: BRIDGET MC CORMACK, HON.: JANET NEFF, HON.: GEORGE S.
BUTH, LEAD PROSECUTOR CHRIS R. BECKER, PROS.: KEVIN BRAMBLE, LINDA HOWELL, JOHN R. BEASON.
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

**YOU ARE ORDERED TO:**

| ☑ 1. Appear personally at the time and place stated below: You may be required to appear from time to time and day to day until excused. |
|---|

| ☑ The court address above | ☑ Other: | BLANK DVD IN QUESTION AND RESPONSE TO ITEMIZED REBUTTAL OF<br>POLICE DVD; RESPONSE TO EXHIBIT (A) FALSIFIED PROBABLE CAUSE<br>CMPT |
|---|---|---|

| Day | Date | Time |
|---|---|---|
| | | |

☐ 2. Testify at trial / examination / hearing.

☑ 3. Produce/permit inspection or copying of the following items: REASON WHY ALL DEFENDANTS IGNORED THE PRIMA F

OF MY PLEADINGS AND MISCONTRUING JURISDICTION WHEN SPELLED OUT FOR EXAMPLE IN JANET NEFF'S OWN

FOR HAVING THE AUTHORITY TO DISIPLINE STATE OFFICIALS IN COMPLEXED STATE ISSUES?

☐ 4. Testify as to your assets, and bring with you the items listed in line 3 above.

☐ 5. Testify at deposition.

☐ 6. Abide by the attached prohibition against transferring or disposing of property. (MCL 600.6104(2), 600.6116, or 600.6119.)

☑ 7. Other: ORDER TO TRANSFER TO CURE WANT OF SUBJECT-MATTER JURISDICTION THROUGH MCR 3.302; 3.305.

| ☐ 8. | Person requesting subpoena<br>PLANTIFF IN RE: STACEY R. SMITH | Telephone no.<br>616-500-4316 |
|---|---|---|
| | Address<br>855 KALAMAZOO AVE SE | |
| | City<br>GRAND RAPIDS | State<br>MICHIGAN | Zip<br>49507 |

NOTE: If requesting a debtor's examination under MCL 600.6110, or an injunction under item 6. this subpoena
must be issued by a judge. For a debtor examination, the affidavit of debtor examination on the other side of this
form must also be completed. Debtor's assets can also be discovered through MCR 2.305 without the need for
an affidavit of debtor examination or issuance of this subpoena by a judge.

**FAILURE TO OBEY THE COMMANDS OF THE SUBPOENA OR TO APPEAR AT THE STATED
TIME AND PLACE MAY SUBJECT YOU TO PENALTY FOR CONTEMPT OF COURT.**

| 03/28/2022 | | P-38156 |
|---|---|---|
| Date | Judge/Clerk/Attorney | Bar no. |

| Court use only |
|---|
| ☐ Served   ☐ Not served |

MC 11  (3/15)  **SUBPOENA, Order to Appear and/or Produce**          MCL 600.1455, 600.1701, 600.6110, 600.6119, MCR 2.506

| | SUBPOENA |
|---|---|
| **PROOF OF SERVICE** | Case No. 22-02505-AS |

**TO PROCESS SERVER:** You must make and file your return with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**    **OR**    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☑ I served a copy of the subpoena, together with COMPLAINT SUBPEONA / ORDER TO SHOW CAUSE (including any required fees) by
Attachment

☑ personal service    ☐ registered or certified mail (copy of return receipt attached)   on:

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| 17TH JUDICIAL CIRCUIT COURT et. | 180 OTTAWA AVE NW GRAND RAPIDS, MICHIGAN 49503 | |
| KENT COUNTY PROSECUTOR'S et. | 82 IONIA AVE NW GRAND RAPIDS, MICHIGAN 49503 | |

☐ I have personally attempted to serve the subpoena and required fees, if any, together with _____
on the following person(s) and have been unable to complete service.    Attachment

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

| Service fee $ | Miles traveled Fee $ | | Signature STACEY R. SMITH PLANTIFF IN RE CONTEMPT; |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) PRO SE; AD HONORUM - UNINTENDED. |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ KENT _____ County, Michigan.
   Date

My commission expires: _____    Signature: _____
   Date      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the subpoena and required fees, if any, together with _____
   Attachment

_____ on _____
   Day, date, time

_____ on behalf of _____ .
Signature

**AFFIDAVIT FOR JUDGMENT DEBTOR EXAMINATION**

I request that the court issue a subpoena that orders the party named on this form to be examined under oath before a judge concerning the money or property of:
for the following reasons:

_____
Signature

Subscribed and sworn to before me on _____ , _____ County, Michigan.
   Date

My commission expires: _____    Signature: _____
   Date      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

MCR 2.105

Stacey R. Smith
855 Kalamazoo Ave SE
Grand Rapids, MI 49507

Case No.: 22-02505-AS
17th Judicial Circuit Court

The Honorable Janet T. Neff P. 18210
Federal Building
399 Federal Building
110 Michigan Ave NW
Grand Rapids, MI 49503

b/ Personal Service

Plaintiff, In Pro

RECEIVED - GR

April 18, 2022 8:29 AM

CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____ MKC

