UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY R. SMITH,                )
        Plaintiff,          )
                       )      No. 1:22-cv-374
v.                        )
                       )      Honorable Paul L. Maloney
HON. J. JOSEPH ROSSI, *et al.*,      )
        Defendants.      )
                       )

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Stacey Smith sued numerous Michigan state court judges, Kent County attorneys, and the Honorable Janet T. Neff, District Judge in the Western District of Michigan, in Kent County Circuit Court (*see* ECF No. 1). Judge Neff, pursuant to 28 U.S.C. § 1142, 1146, properly removed the matter to federal court (*Id.*). Judge Neff now seeks dismissal of Plaintiff's claims against her because she is entitled to absolute judicial immunity. The Court will grant Judge Neff's motion and *sua sponte* dismiss the remainder of this matter for lack of subject matter jurisdiction.

Judge Neff's motion to dismiss succinctly summarizes the facts in this matter:

Although the plaintiff's complaint is largely unintelligible, it appears that plaintiff previously pled guilty to Fourth Degree Criminal Sexual Conduct in June, 2015, and received a 24-month sentence of probation. (*See People v. Smith*, Kent Cty. Cir. Ct. No. 14-11012-FH). In December 2016 following the plaintiff's decision to plead guilty, he filed a complaint for judicial misconduct against the judge who presided over his criminal case. (*See Smith v. Buth*, 1:16CV1381 (W.D. Mich.)). The Court dismissed plaintiff's complaint for failure to state a claim. (*Id.*). In December 2017 plaintiff filed a post-judgment motion to modify and set aside his sentence in his criminal case. (*People v. Smith*, Kent Cty. Cir. Ct. No. 14-11012-FH). The Court denied the plaintiff's motion. (*Id.*). In January 2020 plaintiff filed a complaint for breach of plea agreement and the Court issued an Opinion and Order denying all of the plaintiff's claims. (*See Smith v. Becker, et al.*, Kent Cty. Cir. Ct. No. 20-00224-

AS.). Plaintiff appealed the decision to the Michigan Supreme Court and the Court denied the appeal in September, 2020. (*Id.*). After the appeal was denied, the plaintiff filed a complaint in the United States District Court on January 25, 2021, and the case was assigned to United States District Court Judge Janet N. Neff. (*See Smith v. McCormack, et al.*, Case No. 1:21CV78, ECF No. 1, (W.D. Mich.)). In that suit, plaintiff sought mandamus relief and monetary damages against Justice Bridget McCormack and others for denying his complaints to modify and set aside his criminal conviction. (*Id.*). On March 3, 2021, Judge Neff dismissed the plaintiff's complaint for failure to state a claim. (*Id.* at ECF No. 14.). Plaintiff appealed Judge Neff's dismissal of his claim, but the Sixth Circuit dismissed his appeal. (*See id.* at ECF No. 21).

On March 21, 2022, plaintiff filed this action in the 17th County Circuit Court, Kent County, Michigan, against Judge Janet T. Neff and others seeking relief from judgment, vacate his conviction, seal his conviction, a change of venue and monetary damages. (*See Smith v. J. Joseph Rossi, et al.,* Kent Cty. Cir. Ct. No. 22-02505-AS.).

(ECF No. 4 at PageID.47-48). Because Judge Neff denied Plaintiff's requested relief, Plaintiff has now added her to the list of judicial officers that he seeks to sue.[1] Again, Plaintiff is not entitled to relief.

Beginning with Judge Neff's motion to dismiss, she asserts that she is entitled to absolute judicial immunity because she is a judicial officer being sued in her official capacity. *See Mireles v. Waco*, 502 U.S. 9, 9-11 (1991); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). From what the Court can discern from Plaintiff's largely unintelligible complaint, Plaintiff is merely suing Judge Neff for her dismissal of Plaintiff's previous action before her. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."

---

[1] Somewhere in this saga, Plaintiff initiated an additional federal action against the Honorable George S. Buth, presumably arising out of the same set of facts as this action. *See Smith v. Buth*, No. 1:16-cv-1381 (W.D. Mich). This Court dismissed that action on January 25, 2017, for lack of jurisdiction, failure to state a claim, and because the defendant was entitled to absolute judicial immunity (*see id.* at ECF Nos. 13, 19, 20).

*Mireles*, 502 U.S. at 11. Notably, "[a]bsolute judicial immunity attaches only to actions undertaken in a judicial capacity." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Judge Neff is entitled to absolute judicial immunity and dismissal of the claims against her. Plaintiff's complaint fails to allege a cognizable claim against Judge Neff, and it appears that the only reason she is named as a defendant in this matter is because she dismissed Plaintiff's previous case (*see* ECF No. 1-1). Accordingly, the Court will grant Judge Neff's motion to dismiss.

Further, there are numerous reasons to dismiss the remainder of Plaintiff's complaint. First, this Court lacks jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Although courts must construe *pro se* pleadings liberally, even a liberal reading of Plaintiff's complaint cannot allow this matter to proceed. Plaintiff's complaint fails to set forth a single cause of action against any Defendant. Rather, it seeks relief from a state court judgment, that his state conviction be vacated, that his conviction be sealed, for a change of venue, and monetary damages (*see* ECF No. 1-1). Absent a single cause of action, dismissal for lack of subject matter jurisdiction is proper, as the complaint is therefore frivolous. *See* Fed. R. Civ. P. 12(b)(1); *Apple*, 183 F.3d at 479.

Second, "[f]ederal courts do not supervise or monitor the state courts or state judges." *Morris v. Tennessee*, No. 06-2007-Ml/P, 2006 WL 1579575, at *2 (W.D. Tenn. May 1, 2006). This Court has no authority to compel state court officers to perform their duties. *See*

*Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Because Plaintiff is suing several Kent County judges and attorneys for reasons arising out of Plaintiff's state court criminal conviction, this Court has no authority to compel any action by these Defendants.

Finally, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a). Under Rule 8, a plaintiff's complaint must provide a "short and plain statement of the claim," and each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Complaints that fail to comply with these requirements may be dismissed. *See Janieta Theresa Corp. v. United States Attorney*, 113 F.3d 1235 (6th Cir. 1997) ("[T]he district court did not abuse its discretion in dismissing [the plaintiff's] complaint for failure to comply with Rule 8(a)."). Here, Plaintiff's complaint does not comply with Rule 8. It fails to contain a single statement of his claim, let alone a short and plain statement. As such, Plaintiff's complaint will also be dismissed for this reason.

**IT IS HEREBY ORDERED THAT** Judge Neff's motion to dismiss (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Court *sua sponte* dismisses all remaining claims for lack of subject matter jurisdiction.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  April 29, 2022                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge

4